**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1949**

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for
INDYMAC INDX Mortgage Loan Trust 2006-AR12, Mortgage Pass Through
Certificates Series 2006-AR12,

Plaintiff - Appellee,

v.

MARGARET L. FEGELY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at
Richmond.  M. Hannah Lauck, District Judge.  (3:16-cv-00147-MHL-RCY)

Submitted: January 31, 2019                    Decided:  May 30, 2019

Before WYNN, Circuit Judge, and TRAXLER and DUNCAN, Senior Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Margaret Fegely, Appellant Pro Se.  Walter John Buzzetta, STRADLEY RONON
STEVENS & YOUNG, LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Margaret L. Fegely appeals the district court's order adopting the report and recommendation of the magistrate judge and granting the Fed. R. Civ. P. 12(c) motion for judgment on the pleadings filed by Deutsche Bank National Trust Company ("Deutsche Bank"). We vacate and remand.

We review de novo a district court's ruling on a motion for judgment on the pleadings under Rule 12(c). *Pulte Home Corp. v. Montgomery Cty.*, 909 F.3d 685, 691 (4th Cir. 2018).

> A motion for judgment on the pleadings should be granted when, accepting all facts pled by the nonmoving party as true and drawing all reasonable inferences from the facts in favor of the nonmoving party, the movant has clearly established that no material issue of fact remains and that the movant is entitled to judgment as a matter of law.

*Schnuck Mkts., Inc. v. First Data Merch. Servs. Corp.*, 852 F.3d 732, 737 (8th Cir. 2017); *see Pulte Home Corp.*, 909 F.3d at 691.

In its complaint seeking declaratory judgment and to quiet title, Deutsche Bank alleged that it purchased Fegely's residence in 2012 at a legally valid nonjudicial foreclosure sale, and it attached a trustee's deed as evidence of its superior title.[*] Deutsche Bank sought an order removing three clouds on the title to the property created by Fegely in her attempts to prevent the foreclosure sale. In her answer, Fegely denied

---

[*] Deutsche Bank filed its complaint in state court, and Fegely removed the case to federal district court on the basis of diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441 (2012).

Deutsche Bank's allegations that it purchased the property at a legally valid nonjudicial foreclosure sale and that Deutsche Bank's deed was valid.

In finding that Deutsche Bank was entitled to judgment on the pleadings, the district court explained that Fegely cited no legal or factual basis to support her conclusion that the foreclosure sale and Deutsche Bank's deed were invalid. However, in her answer, Fegely denied the factual allegations in the complaint necessary to Deutsche Bank's claims. Because Fegely was the nonmoving party, the district court should have assumed the allegations in her pleadings to be true to the extent those allegations conflicted with the allegations in the complaint on issues of material fact.

We therefore vacate the district court's order granting Deutsche Bank's Rule 12(c) motion and remand the case to the district court for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*